IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kevin Gerald Forde, | C/A No.: 1:15-2243-BHH-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Dr. Edward Reed; RN Albert Crosby; and Lieutenant Pelt, | |
| Defendants. | |

Kevin Gerald Forde ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action seeking compensatory damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1] At the time of the incidents giving rise to the complaint, Plaintiff was incarcerated at the Federal Correctional Institution in Estill, South Carolina ("FCI-Estill"), a facility of the Bureau of Prisons ("BOP"). Plaintiff sues FCI-Estill employees Dr. Edward Reed, Nurse Albert Crosby, and Lieutenant Pelt ("Defendants"), alleging deliberate indifference to his serious medical needs.

This matter comes before the court on Defendants' motion to dismiss.[2] [ECF No. 23]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised

---

[1] *Bivens* established that victims of a constitutional violation perpetuated by a federal actor may sue the offender for damages in federal court despite the absence of explicit statutory authorization for such suits.

[2] Because the court has considered matters outside of the pleadings, the undersigned considers the motion as one for summary judgment. Fed. R. Civ. P. 12(d); *see also* ECF No. 24 (providing notice to Plaintiff that the court may convert a motion to dismiss to a motion for summary judgment when matters outside of the pleadings are presented).

Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [ECF No. 24]. The motion having been fully briefed [ECF Nos. 27, 28], it is ripe for disposition.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this case has been referred to the undersigned for all pretrial proceedings. Because the motion is dispositive, this report and recommendation is entered for review by the district judge. Having carefully considered the parties' submissions and the record in this case, the undersigned recommends that the district judge grant Defendants' motion for summary judgment.

I.    Factual and Procedural Background

Plaintiff claims that his constitutional rights were violated by Defendants' alleged denial of medical care, deliberate indifference, and negligence in the treatment of his seizures at FCI-Estill. [ECF No. 1 at 2]. He states that on June 11, 2013, he arrived at FCI-Estill and informed Dr. Reed during his medical screening that he had been taking Tegratol for his seizures. *Id.* at 3. Plaintiff claims Dr. Reed changed his medication to Dilantin in error. *Id.* Plaintiff alleges that on June 19, 2013, he "seizured in his cell." *Id.* He claims Pelt and Crosby came to his cell, but failed to provide medical care while he suffered six seizures within four hours. *Id.* Plaintiff claims he suffers from dizziness, blurred vision, memory loss, and trouble concentrating. *Id.* at 6.

II.   Discussion

   A.    Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court

3

assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.     Analysis

Defendants argue that Plaintiff failed to exhaust his administrative remedies prior to filing his lawsuit. [ECF No. 23 at 5–9]. The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (codified as amended at 42 U.S.C. § 1997e(a) (1996)), mandates, among other things, that prisoners exhaust their administrative remedies prior to filing civil actions. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *Booth v. Churner*, 532 U.S. 731 (2001). Exhaustion is required for "[a]ll action[s]. . . brought with respect to prison conditions, whether under § 1983 or any other Federal law." *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (internal quotations omitted). The PLRA's exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.*, 534 U.S. at 532. Exhaustion is a threshold requirement that must be satisfied in order for prisoner complaints to proceed. *See Jones*, 549 U.S. at 216; *Booth*, 532 U.S. at 741. The PLRA requires "proper" exhaustion, that is, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Woodford v. Ngo*, 548 U.S. 81, 87 (2006). "An inmate's failure to exhaust administrative remedies is an affirmative defense to be pleaded and proven by the defendant." *Anderson v. XYZ Correctional Health Services*, 407 F.3d 674, 683 (4th Cir. 2005).

The Code of Federal Regulations, at 28 C.F.R. § 542.10 *et seq.*, sets forth the

administrative remedy procedure for BOP inmates. The grievance procedure is a multi-step process. Absent an exception, an inmate shall attempt to informally resolve the issue using an informal resolution form (BP-8). If the inmate is unsatisfied after attempting informal resolution, the first step in the administrative remedy procedure requires the inmate to file a formal written complaint with the Warden of the prison on a Form BP-9. The inmate's complaint must be filed with the Warden within twenty calendar days from the date of the offending event. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, the inmate may appeal (using a Form BP-10) to the Regional Director of the BOP within 20 calendar days of the date the Warden signed the response. If the inmate remains dissatisfied with the response, thereafter, an inmate may appeal the Regional Office's response to the General Counsel of the Bureau by completing a Form BP-11 within thirty 30 calendar days of the date the Regional Director signed the response. *See* 28 C.F.R. §§ 542.14 and 542.15. Appeal to the General Counsel is the final level of agency review. *See* 28 C.F.R. § 542.15(a). Thus, a claim has not been administratively exhausted until it has been filed with the General Counsel.

It is undisputed that Plaintiff did not utilize the administrative remedy procedure after filing a BP-8. [ECF No. 23-3; 27 at 2–3]. Plaintiff argues that he requested a BP-8 and informed his unit manager that he wished to file a tort claim. His unit manager responded to the BP-8 and provided him a form in which to file a tort claim, although the tort claim was ultimately denied. [ECF No. 27 at 2]. Plaintiff claims he was never informed that he was required to file remedies with the Warden, Regional Office, and General Counsel. *Id*.

5

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." *Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir.2008). However, "a prisoner does not exhaust all available remedies simply by failing to follow the required steps so that remedies that once were available to him no longer are." *Id.* at 725 (citing *Woodford*, 548 U.S. 81). Plaintiff argues that his unit manager did not tell him how to administratively exhaust his claims. However, Plaintiff informed his unit manager only that he wanted to file a tort claim and she provided him the correct form and procedure for filing such a claim. Plaintiff did not request the forms for filing a *Bivens* claim. As Defendants note, Plaintiff had access to the inmate law library at FCI-Estill, and he could have reviewed the BOP Program Statements related to the Federal Tort Claims Act (1320.06) and the Administrative Remedy Program (1330.18), as well as inmate legal forms, for guidance in filing his claim.

Because Plaintiff has not cited to any evidence that demonstrates he exhausted his administrative remedies, or that shows that his administrative remedies were unavailable, Defendants are entitled to summary judgment. *Moore*, 517 F.3d at 725 (finding that "prisoners must exhaust 'such administrative remedies as are available' prior to filing suit in federal court challenging prisoner conditions") (quoting 42 U.S.C. § 1997e(a)).

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that Defendants' motion to dismiss [ECF No. 23] be granted and this case be dismissed.

IT IS SO RECOMMENDED.

February 25, 2016                                        Shiva V. Hodges
Columbia, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).