IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Kevin Gerald Forde, | C/A No. 1:15-2243-BHH-SVH |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Dr. Edward Reed; RN Albert Crosby; and Lieutenant Pelt | |
| Defendants. | |

Plaintiff Kevin Gerald Forde ("Plaintiff") filed this action on or about May 25, 2015, alleging violation of his constitutional rights. (ECF No. 1 at 7.) In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges, for consideration of pretrial matters. The Magistrate Judge prepared a thorough Report and Recommendation which recommends that Defendants' Motion to Dismiss be granted. (ECF No. 29.) Plaintiff filed timely objections to the Report and Recommendation. (ECF No. 34.)

**BACKGROUND AND PROCEDURAL HISTORY**

The Report and Recommendation sets forth in detail the relevant facts and standards of law, and the Court incorporates them and summarizes below only in relevant part. Although Plaintiff did not explicitly state the legal basis for his action, the Defendants argued that Plaintiff was bringing a *Bivens*[1] suit. (ECF No. 23 at 2.) The Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), "on the grounds that Plaintiff failed to exhaust the Administrative process. (*Id*. at 1.) By order

---
[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1

filed November 10, 2015, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (ECF No. 24.)  Plaintiff submitted an Affidavit in Response to the Defendants' Motion to Dismiss ("Response"). (ECF No. 27.) The Magistrate Judge issued a Report and Recommendation ("Report") recommending that the motion to dismiss be granted.[2] (*Id.*) The Court has reviewed the objections to the Report, but finds them to be without merit. Therefore, it will enter judgment accordingly.[3]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). The Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the

---

[2] Because the Magistrate Judge considered matters outside of the pleadings, she applied the standard applicable to a motion for summary judgment. *See Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991) (noting that a district court considering a challenge to the factual basis for subject matter jurisdiction raised in a Rule 12(b)(1) motion "should apply the standard applicable to a motion for summary judgment" to determine whether jurisdiction exists "under which [standard] the nonmoving party must set forth specific facts beyond the pleadings to show that a genuine issue of material fact exists") (citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982); *Trentacosta v. Frontier Pacific Aircraft Indus.*, 813 F.2d 1553, 1558 (9th Cir. 1987)).

[3] As always, the Court says only what is necessary to address Plaintiff's objections against the already meaningful backdrop of a thorough Report of the Magistrate Judge. Exhaustive recitation of law and fact exists there.

magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In reviewing these pleadings, the Court is mindful that Plaintiff is proceeding *pro se*. When dealing with a *pro se* litigant, the Court is charged with liberal construction of the pleadings. *See, e.g., De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003). The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

## DISCUSSION

As an initial matter, the Court notes that Plaintiff fails to raise any arguments that would invoke *de novo* review. In fact, Plaintiff acknowledges that "[he] understands that exhaustion is a mandate but [he] will and can only explain to the court that this is not something that was purposely done." (ECF No. 34 at 4.) Accordingly, the Court is tasked only with review of the Magistrate Judge's conclusions for clear error.

The Magistrate Judge correctly found that Plaintiff is asserting a *Bivens* claim against the Defendants. (ECF No. 29 at 1.) Plaintiff's allegations suggest that he is bringing a *Bivens* claim and a claim pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671-2680.[4] Although Plaintiff appears to bring a FTCA claim in his

---

[4] In addition to the alleged violations of his Constitutional rights, Plaintiff asserts a negligence claim. Plaintiff's negligence claim cannot be construed as a *Bivens* claim because "[n]egligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983 or the *Bivens* doctrine." *Jenkins v. Eneje*, C/A No. 8:09-2075-PMD, 2009 WL 2762567, at *3 (D.S.C. Aug. 31, 2009), *aff'd,* 358 F. App'x 395 (4th Cir.

3

Complaint, he clearly states in his Response that "[t]he Defendant's [sic] in this case are being sued 'individually' and not the Government." (ECF No. 27 at 3.) Plaintiff's Response forecloses the possibility of asserting a claim under the FTCA because "[p]ersonal capacity suits against employees are not cognizable under the FTCA." *Terrell v. United States*, No. C/A 4:08-2228-HFF-TER, 2009 WL 2762516, at *4 (D.S.C. Aug. 27, 2009) (citing 28 U.S.C. § 2679(b)(1)). The Court recognizes that Plaintiff may have intended to assert a claim under the FTCA, but "in interpreting a *pro se* complaint . . . our task is not to discern the unexpressed intent of the plaintiff, but what the words in the complaint mean." *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006).

The Magistrate Judge then correctly determined that the Court lacks jurisdiction to hear Plaintiff's *Bivens* claim because Plaintiff failed to exhaust his available administrative remedies prior to bringing this action. (ECF No. 29 at 6); *see* 42 U.S.C. § 1997e(a). The Bureau of Prisons uses a multi-step grievance procedure, but "Plaintiff did not utilize the administrative remedy procedure after [the initial step]." (ECF No. 29 at 5.) Plaintiff claimed that he did not utilize the other administrative steps because he "was never informed that he 'had' to [do so]." (ECF No. 27 at 3.) The Magistrate Judge then considered whether administrative remedies were actually available to Plaintiff. (ECF No. 29 at 6); *see Moore v. Bennette*, 517 F.3d 717, 725 (4th Cir. 2008) ("Because the [Prison Litigation Reform Act] does not define the term ['available'], courts have generally afforded it its common meaning; thus, an administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it."). The Magistrate Judge observed that "Plaintiff

---

2009) (citing *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Plaintiff's negligence claim is clearly within the scope of the FTCA. *See* 28 U.S.C. § 1346(b)(1).

has not cited to any evidence . . . that shows his administrative remedies were unavailable."[5] (ECF No. 29 at 6.)

The Magistrate Judge recommended the Court grant Defendants' Motion to Dismiss because "Plaintiff has not cited to any evidence that demonstrates he exhausted his remedies, or that shows that his administrative remedies were unavailable." (ECF No. 29 at 6.) The Court agrees with the Magistrate Judge's findings and conclusions, and finds that the Court lacks jurisdiction in this case.

## CONCLUSION

After careful consideration of the relevant motions, responses, and objections, the Court finds that Plaintiff's objections are without merit and the Magistrate Judge's conclusions evince no clear error. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. It is therefore ORDERED that Defendant's motion to dismiss (ECF No. 23) is GRANTED and Plaintiff's Complaint is DISMISSED *without prejudice*.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

Greenville, South Carolina
July 27, 2016

---

[5] The Magistrate Judge observed that "Plaintiff informed his unit manager only that he wanted to file a tort claim and she provided him the correct form and procedure for filing such a claim. Plaintiff did not request the forms for filing a *Bivens* claim." (ECF No. 29 at 6.)